UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT J. SMITH, III | CIVIL ACTION |
| VERSUS | NO: 09-4673 |
| SOUTHSIDE CAFE | SECTION: "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss the Complaint or Alternatively to Set Aside Entry of Default (Rec. Doc. 19)** filed by Defendant Southside Café. Plaintiff Robert J. Smith, III has not filed an opposition to the Motion. The Motion, set for hearing on February 3, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is GRANTED.

## I. BACKGROUND

Plaintiff Robert J. Smith, III ("Plaintiff") obtained a job as a dishwasher with the Defendant, Southside Café ("Defendant" or "Southside"), through a prisoner work-release program. Complaint, pg. 1. He alleges that he suffered various forms of mistreatment during the four months he was employed by Defendant. *Id.* at 1-2. He claims he was forced to work about six or seven hours a day without a break. *Id.* at 1. He also states that he had to perform many of the other employees' duties, such as mopping the bar. *Id.* at 1-2. Finally, he alleges in a conclusory fashion that Defendant is abusing and exploiting inmates for its own personal gain. *Id.* at 2. Plaintiff alleges that this treatment constitutes cruel and unusual punishment. *Id.*

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction because

it does not provide a statement establishing this Court's jurisdiction under 28 U.S.C. § 1331 or § 1332 pursuant to Fed. R. Civ. Proc. 8. Memorandum in Support of Motion to Dismiss the Complaint or Alternatively to Set Aside Entry of Default ("Motion"), pp. 1-2. In the alternative, Defendant asks the Court to set aside the entry of default. *Id.* at 2. Shardan Inc. owns Southside and is not a named party in the complaint. *Id.* Southside does not own any assets and is not a legal entity. *Id.* Defendant argues that the Court should set the entry of default aside without prejudice to allow Plaintiff to name the proper party in this Complaint. *Id.*

## II. STANDARD

### a. Motion to Dismiss

Courts "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). In order to survive a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez*, 577 F.3d at 603, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603, quoting *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that

2

the pleader is entitled to relief." *Id.* (citations, internal quotations, and alterations omitted). "In determining whether a complaint states a claim that is plausible on its face, the court 'draw[s] on its judicial experience and common sense.'" *Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC*, No.08-20338, 2009 WL 3698085, at *4 (5th Cir. Nov. 6, 2009), quoting *Iqbal*, 129 S.Ct. at 1950.

**b. Setting Aside Entry of Default**

Under Fed. R. Civ. Proc. 55, a party may first seek an entry of default and then move for a default judgment. The entry of a default judgement is committed to the discretion of the district court; a party is not entitled to a default judgment as a matter of right even when the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Even if a party fails to answer the complaint, the district court cannot enter a default judgment if it lacks subject matter jurisdiction. *United States v. Texas Tech. Univ.*, 171 F.3d 279, 285 n. 9, 288 (5th Cir. 1999).

When a judgment of default has yet to be entered, the courts apply the less rigorous "good cause" standard for setting aside the entry of default, rather than the "excusable neglect" standard. Fed. Rs. Civ. Proc. 55(c) and 60(b); *United States v. One Parcel Of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).[1] Under the "good cause" standard, the court asks whether good cause exists to set aside an entry of default, and typically considers (1) whether default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992). This test is disjunctive. *Id*. Courts have been careful not to treat the three factors as though they were

---

[1]Excusable neglect is "the failure to timely perform a duty due to circumstances that were beyond the reasonable control of the person whose duty it was to perform." *Matter of Smith*, 21 F.3d 660, 666 (5th Cir. 1994).

3

exclusive, relying on such other factors as: (1) whether the public interest was implicated; (2) whether there was a significant financial loss to the defendant; (3) and whether the defendant acted expeditiously to correct the default. *Id*. Whatever factors are used by the courts to determine the propriety of setting aside a default, the imperative is that the factors be used to identify whether "good cause" is present. *Id.*

## III. DISCUSSION

### a. Subject Matter Jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction because it contains no jurisdictional statement. Motion at pp. 1-2. It is true that Plaintiff did not provide a "short and plain statement" establishing the basis for jurisdiction. Fed. R. Civ. Proc. 8(a). Nevertheless, a jurisdictional statement is not essential if the allegations in the complaint, as whole, show that a federal question is presented. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S.1, 13, 27-8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The Court finds that the allegations in Plaintiff's Complaint present a federal question - whether Defendant has violated Plaintiff's Eighth Amendment rights. The Court therefore has subject matter jurisdiction over Plaintiff's claims.

### b. Failure to State a Claim

Though Defendant has not questioned the adequacy of Plaintiff's claims, the Court is empowered to consider the sufficiency of the complaint *sua sponte*. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) ("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim."). Because Plaintiff's Complaint fails to state a claim upon which relief may be granted, it must be dismissed.

The allegations in a civil rights complaint "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *quoting Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

To recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Plaintiff, in this instance, alleges a violation of the Eight Amendment to the Constitution of United States which forbids infliction of cruel and unusual punishment.[2] A court considering a prisoner's claim for cruel and unusual punishment must ask if "the officials acted with sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

The sufficient harm requirement for an Eighth Amendment claim depends upon the context of the claim at issue for two reasons. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). First, "[t]he general requirement that an Eighth Amendment claimant allege and prove the unnecessary and wanton infliction of pain should . . . be applied with due

---

[2] Plaintiff has named Southside, his work-release employer, as the defendant in this action. It is unclear whether Southside may be considered a "state actor," which it must be in order to be subject to the Eighth Amendment. *See Smith v.* Cochran, 339 F.3d 1205, 1213-14 (10th Cir. 2003); *Campbell v. Skid*, Civil Action No. 08-1917, 2009 WL 1362733, at *4 (W.D.La 2009)(arguing that plaintiff's work-release employer could be a state actor for § 1983 purposes). Even assuming that Southside is a "state actor," Plaintiff has not alleged sufficient facts to establish an Eighth Amendment violation.

regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged." *Whitley v. Alebers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Second, the Eighth Amendment's prohibition of cruel and unusual punishments "'draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society,' and so admits of few absolute limitations." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

For instance, extreme deprivations are required to make out a conditions-of-confinement claim because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society." *Id*. at 347. "Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eight Amendment violation." *Wilson*, 501 U.S. at 298 (quotations omitted). A similar analysis applies to medical needs. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Estelle v. Gamble*, 429 U.S. 97, 103-104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated. *Whitley*, 475 U.S. at 327. This is true whether or not significant injury is evident. *Id*.

Plaintiff has not met the requirements to establish a sufficient claim for cruel and unusual punishment. Plaintiff complains that he worked up to five or six hours without a break, and that he was forced to perform many of the other employees' duties. Complaint at pp. 1-2. The "harm" Plaintiff complains of does not constitute a constitutional deprivation under

"contemporary standards of decency" as defined by the Eight Amendment, nor does it deny "the minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298. More significant impositions have been repeatedly found to be insufficient to constitute cruel and unusual punishment. *See Ebersole v. Pennsylvania Dept. of Corrections*, No. 06-1368, 2009 WL 1010521, at *6 (M.D. Pa. April 14, 2009) (finding no Eighth Amendment violation where the plaintiff was denied carpal tunnel braces and back supports and received only one hour of outdoor exercise a day); *Goldhaber v. Higgins*, 576 F. Supp. 2d 694, 724-25 (W.D. Pa. 2007) (holding that prison-like restrictions on work-release programs were not unconstitutional); *Edwards v. Hayden*, No. 88-3104, 1991 WL 127454, at * 2 (July 12, 1991) (finding no Eighth Amendment violation where the plaintiffs had to endure certain discomforts during the renovation of their work-release facility); *Patterson v. Oberhauser*, 331 F. Supp. 220, 221 (D.C. Cal. 1971) (finding no Eighth Amendment violation where state prison officials had fixed work-release wages at below minimum wage); *see also Rhodes*, 452 U.S. at 346 (the lodging of two inmates in a single cell did not deprive the inmates of the minimal civilized measure of life's necessities); *Wilkerson v. Maggio*, 703 F.2d 909 (5th Cir. 1983) (finding no violation of the Eight Amendment's prohibition on cruel and unusual punishment when an inmate was not permitted outdoor exercise for a period of five years, but was allowed one hour daily outside his cell to exercise in any manner he desired); *Georges v. Ricci*, No. 07-5576, 2007 WL 4292378, at *7 (D.N.J. Dec. 4, 2007) ("loss of privileges, in general, does not amount to infliction of cruel and unusual punishment; and loss of visitation and telephone privileges is no exception to this rule."). Therefore, Plaintiff has not alleged sufficient facts to support a claim under the Eighth Amendment for cruel and unusual punishment and his suit against Defendant must be dismissed.

Accordingly, and for the forgoing reasons;

**IT IS HEREBY ORDERED** that the **MOTION TO DISMISS COMPLAINT (Rec. Doc. 19**) filed by Defendant Southside Café is **GRANTED**;

**IT IS FURTHER ORDERED** that the entry of default against Defendant Southside Café is **SET ASIDE**;

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

This day 18th of March 2010.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE